Citation Nr: 21049989
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 18-05 700
DATE: August 13, 2021

REMANDED

The issue of service connection for a bilateral lower extremity condition is remanded.

REASONS FOR REMAND

The Veteran had active service from September 1963 to September 1965.

Service connection for a bilateral lower extremity condition

The matters are REMANDED for the following action:

1. BACKGROUND FOR REGIONAL OFFICE (RO) ADJUDICATOR: This is a remand under Stegall v. West, 11 Vet. App. 268, 271 (1998). 

The June 2021 VA medical examination report and opinion is inadequate because the examiner's opinion did not address any of the Veteran's lay statements regarding lower extremity pain due to a possible blood circulation disorder. 

THE REMAND DIRECTIVES FOLLOW.

2. Return this matter to the June 2021 medical examiner. If the examiner is not available, forward this matter to another suitably-qualified physician to determine the nature and etiology of any current lower extremity circulation disorders, to include tinea pedis, onychomycosis, and/or peripheral vascular disease. The entire claims file, including a copy of the Remand, must be made available to, and be reviewed by, the VA examiner. All appropriate tests, studies, and consultations must be accomplished, and all clinical findings must be reported in detail. An explanation must be given for all opinions and conclusions rendered.

Based upon a review of the relevant evidence of record, history provided by the Veteran, and sound medical principles, the VA examiner must provide the following opinions:

a) Does the Veteran have a current diagnosis of tinea pedis, onychomycosis, and/or peripheral vascular disease that was incurred in service, or due to an in-service injury, event, or illness? Please fully explain your opinion. THE EXAMINER MUST ADDRESS THE VETERAN'S LAY STATEMENTS REGARDING ONSET OF SYMPTOMATOLOGY AND TREATMENT SINCE DISCHARGE FOR POOR LOWER EXTREMITY CIRCULATION MADE AT THE MAY 2019 BOARD HEARING. 

b) Does the Veteran demonstrate clinical findings of any other blood circulation disorder that manifests with any symptomatology in either his left or right lower extremity? Please fully explain your opinion. THE EXAMINER MUST ADDRESS THE VETERAN'S LAY STATEMENTS REGARDING ONSET OF SYMPTOMATOLOGY AND TREATMENT SINCE DISCHARGE FOR POOR LOWER EXTREMITY CIRCULATION MADE AT THE MAY 2019 BOARD HEARING. 

c) If so, was this circulation disorder incurred in service or caused by an in-service injury, event, or illness? Please fully explain your opinion. THE EXAMINER MUST ADDRESS THE VETERAN'S LAY STATEMENTS REGARDING ONSET OF SYMPTOMATOLOGY AND TREATMENT SINCE DISCHARGE FOR POOR LOWER EXTREMITY CIRCULATION MADE AT THE MAY 2019 BOARD HEARING. 

d) If the Veteran does not demonstrate clinical findings of a blood circulation disorder, does the Veteran demonstrate bilateral lower extremity pain that results in functional impairment that is not related to the bilateral plantar and Achilles' heel spur diagnosis noted in the June 2021 VA medical examination report and opinion? Please fully explain your opinion.

e) Given the medical evidence in this case, your experience and knowledge and the state of medical science, is the Veteran's account of the development of his bilateral lower extremity disorder consistent with the clinical findings? Please fully explain your opinion.

The examiner must review the entire record in conjunction with rendering the requested opinions. IN ADDITION TO ANY RECORDS THAT ARE GENERATED BECAUSE OF THIS REMAND, the VA examiner's attention is drawn to the following:

* The September 1965 separation report of medical history indicates the Veteran endorsed swollen or painful joints. The accompanying notation indicates the Veteran complained of recurrent shoulder pain. His September 1965 separation examination indicated clinically normal musculoskeletal and feet evaluations. See "STR Medical," received January 4, 2017. 

* In an April 2017 statement the Veteran reported that his boots were too small for his feet and that he subsequently endured leg, ankle, and feet pain during service due to his small boots. He also reported that when he complained about his small boots, he was told that every other soldier had to endure such pain as part of military service. See "NOD," received April 11, 2017.

* Private August 2017 treatment records that indicate the Veteran complained of chronic bilateral ankle pain. The examiner diagnosed the Veteran with chronic bilateral ankle pain. See "Medical Treatment Record Non-Government Facility," received January 16, 2020, pages 11-13 of 40. 

* In a January 2018 statement the Veteran reported receiving treatment for his bilateral ankles while stationed in Hawaii and that he had experienced discomfort and pain since then. See "Form 9," received January 23, 2018. 

* May 2019 Board hearing, when the Veteran testified that he stepped into a foxhole that was wet, that his boots shrank, and that he then experienced calf and feet pain. He also reported that he was given aspirin as treatment for this pain. He also testified that when he returned for followup treatment for the same complaint, he was told that he was lazy for complaining. He also reported his physician diagnosed him with poor circulation in his feet and that he reported to his physician it was from his tight boots during service. The Veteran also reported pain when wearing tight socks and aching and burning in his feet when he lays down. See "Hearing Transcript," received May 10, 2019.

* October 2019 private treatment records that indicate the Veteran has bilateral hallux tinea pedis, and regularly presents with onychomycosis with mild peripheral vascular disease that impairs the Veteran's ability to ambulate without pain. See "Medical Treatment Record Non-Government Facility," received July 19, 2021, 22 pages.

* Private September 2020 treatment records that indicate the Veteran reported poor circulation in his legs due to wearing Army boots during military service and that the pain bothered him during winter. The examiner diagnosed the Veteran with peripheral vascular disease, unspecified, and encouraged the Veteran to exercise to maintain proper blood circulation. See "Medical Treatment Record Non-Government Facility," received October 26, 2020. 

* September 2020 CAVC Joint Motion for Remand. See "CAVC Decision," received September 16, 2020. The Court noted the Board failed to address the Veteran's statements regarding persistent pain since service that caused functional impairment as a disability that warrants service connection per Saunders v. Wilkie, 886 F.3d., 1356, 1362-63 (Fed. Cir. 2018). 

* February 2021 Board remand. See "BVA Decision," received February 5, 2021.

* June 2021 VA medical examination report and opinion, when the examiner noted that imaging conducted with the examination revealed bilateral plantar and achilles spurs which the examiner opined were likely the cause of the Veteran's ankle pain. The examiner opined the Veteran's bilateral plantar and achilles spurs were less likely than not incurred in service. See "C&P Exam," received June 14, 2021.

A thorough explanation must be provided for the opinion rendered. If the examiner cannot provide the requested opinion without resorting to speculation, s/he must expressly indicate this and provide supporting rationale as to why the opinion cannot be made without resorting to speculation. 

THE EXAMINER IS ADVISED THAT BY LAW, THE MERE STATEMENT THAT THE CLAIMS FOLDER WAS REVIEWED, AND/OR THE EXAMINER HAS EXPERTISE IS NOT SUFFICIENT TO FIND THE EXAMINATION/OPINION SUFFICIENT.

3. Following the review and any additional development deemed necessary, readjudicate the claim. If the RO does not grant the claim, issue a supplemental statement of the case (SSOC) and return the claim to the Board.

The Veteran may submit additional evidence and argument. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2014).

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Shazia N. Anwar

The Board's action is binding only in this matter. This remand is not precedential or establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.